Case 4:23-cv-00708   Document 15   Filed on 07/28/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| VASS PIPE & STEEL CO., INC., § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:23-CV-0708 | |
| § | | |
| KN EQUIPMENT, INC., § | | |
| *Defendant*. § | | |

## MEMORANDUM AND RECOMMENDATION

This case is before the Court on Plaintiff VASS Pipe & Steel Co., Inc.'s Motion for Default Judgment, as supplemented.[1] ECF 9; ECF 12; ECF 14. In accordance with the Court's Order, the Clerk entered default against Defendant KN Equipment, Inc. pursuant to Federal Rule of Civil Procedure 55(a) on May 18, 2023. ECF 10; ECF 11.

As a result of Defendant's default, the factual allegations in Plaintiff's Complaint are uncontested and deemed true. FED. R. CIV. P. 8(b)(6) (providing that an allegation other than the amount of damages is admitted if a responsive pleading

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

is required and the allegation is not denied). The Court may grant judgment by default "only so far as it is supported by well-pleaded allegations, assumed to be true." *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Plaintiff has asserted a claim for breach of contract based on Defendant's purchase of pipe for $100,602.45 with payment due by August 26, 2022. ECF 1 ¶ 10-12; ECF 14-1 at 3 (Invoice 111589). Defendant did not reject any portion of the pipe that Plaintiff delivered pursuant to the parties' contract. ECF 1 ¶¶ 13-14. Defendant made a partial payment of $25,331.11 on October 27, 2022, leaving a balance due of $75,271.34. *Id.* ¶ 15.

Plaintiff submitted the Declaration of Sawti Jain, Vice President of Operations for VASS, in support of its claim for unpaid invoices in the amount of $75,271.34. ECF 9-1; ECF 14-1. In addition, Plaintiff submitted the Declaration of Konor Cormier in support of attorney's fees in the amount of $3,887.50 and costs in the amount of $517.20. ECF 9-2. The Court finds that Plaintiff has presented sufficient evidence to establish that it is entitled to an award of damages in the amount of $75,271.34. The Court further finds that Plaintiff's request for attorney's fees in the amount of $3,887.50, which reflects 9 hours of work at a rate of $400.00 per hour, is reasonable for an attorney with Cormier's experience and the nature of the work

involved. Plaintiff's request for taxable fees and expenses includes $407.00 for the filing fee and $110.20 for costs of service. The Court finds Plaintiff is entitled to an award of taxable costs under 28 U.S.C. § 1920, but the docket sheet reflects that Plaintiff paid the standard filing fee of $402.00, not $407.00. ECF 1.

In addition, Plaintiff is entitled to prejudgment and postjudgment interest. In a diversity case such as this, prejudgment interest is governed by state law and postjudgment interest is governed by federal law, specifically 28 U.S.C. § 1961(a). *Craig v. GACP II, L.P.*, No. 3:19-CV-0058-G, 2022 WL 1778392, at *5 (N.D. Tex. June 1, 2022) (citing *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002)). Under Texas law, unless a contract specifies the rate of prejudgment interest, "[p]rejudgment interest accrues at the rate for postjudgment interest and it shall be computed as simple interest." *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2022 WL 2375707, at *6 (S.D. Tex. June 3, 2022) (internal citation omitted). The postjudgment interest rate in Texas as of Plaintiff's filing of its latest supplement is 8.25%. ECF 14-2. Therefore, prejudgment interest should be awarded on $75,271.34 from the date of suit, February 24, 2023, through the date of entry of final judgment at the rate of 8.25% ($2,552.01 as of July 24, 2023), as provided by Texas law.

Pursuant to 28 U.S.C. § 1961(a), postjudgment interest on a federal judgment should be awarded "at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment." This rate is currently 5.33%. *See* https://www.txs.uscourts.gov/page/post-judgment-interest-rates (last visited July 28, 2023).

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED and that Final Default Judgment be entered in Plaintiff's favor awarding the following amounts:

1. $75,271.34 in actual damages;
2. $3,887.50 for reasonable and necessary attorney's fees;
3. $512.20 as taxable costs;
4. Prejudgment interest on $75,271.34 at the rate of 8.25% from February 24, 2023 through the date of entry of final judgment; and
5. Postjudgment interest on the total award at the applicable federal rate at the time of entry of final judgment, accruing from the date of entry of final judgment until paid in full.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 28, 2023, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge